CONNECTICUT GENERAL LIFE INSURANCE COMPANY; Equitable Life Assurance Society of The United States; Cigna Employee Benefits Services Inc.; Aetna U.S. Healthcare, Inc.; United Healthcare Corporation, fka United HealthGroup Incorporated dba UnitedHealth Group; Humana, Inc.; Aetna Life Insurance Company, Plaintiffs–Appellants,

v.

NEW IMAGES OF BEVERLY HILLS; Peter M. Golden, MD; Sean Michael Golden Irrevocable Trust; Willow Glen Enterprises, Inc., dba Moreno Valley Ambulatory Surgery Center; John Bohn; Susan Alter; Advanced Laser Surgical Center; Advanced Laser Surgical Medical Group, Inc.; Thu Ngoc Pham; Mir Jaffar Shadjareh; Cal–Surge Inc., dba Westwood Surgery Center; Herbert Hudson; Wilshire Outpatient Surgery Center, Inc., dba Wilshire Outpatient Surgery Center; Rolando A. Fernando, MD; Wilshire West Ambulatory Surgery Center; Mamdoug Bahna, MD; All American Medical Group Inc., dba Mariners Bay Surgical Center; Ata O. Montazeri, MD; Monroe Family Medical Group Outpatient Surgery Center Inc., dba Monroe Family Medical Group Outpatient Surgery Center; Lemmon McMillan, MD; Providence Ambulatory Surgery Center, Inc., dba Providence Ambulatory Surgery Center; Harrell Robinson, M.D.; Abasali Amir–Jahed, MD; Hector H. Arnazzi, MD; Steven A. Burres, MD; Clifford Ermshar, MD; William A. Jorgensen, MD; Kong S. Koh, MD; Lee D. Newman, MD; Teofilo Po, MD; Alvin Reiter, MD; Ezeckiel Zilka, M.D.; The Oaks Diagnostic Inc., dba Advanced Radiology of Beverly Hills; D.A.S. International Medical Marketing, Ltd., Defendants,

and

Haya Zilka, Defendant–Appellee.

No. 06–55288.

United States Court of Appeals, Ninth Circuit.

50

Submitted Nov. 7, 2007 *.

Filed Nov. 13, 2007.

Lawrence C. Fox, Marvin Wexler, Esq., Kornstein, Veisz & Wexler, New York, NY, Susan J. Williams, Hennelly & Grossfeld, Marina Del Rey, CA, for Plaintiffs–Appellants.

Scott J. Spolin, Esq., Spolin Silverman Cohen & Bartlett, Connolly Oyler, Oyler & Woldman, Santa Monica, CA, Santa Monica, CA, Norman L. Hanover, Esq., Willow Glen Enterprises, San Bernardino, CA, Gary S. Soter, Esq., Wasserman, Comden & Casselman, Tarzana, CA, Roy G. Weatherup, Esq., Lewis Brisbois Bisgaard & Smith, LLP, Shelley Kaufman, Esq., Geragos & Geragos, Michael Sisson, Stanley L. Friedman, Esq., Los Angeles, CA, Roy C. Dickson, Esq., Dickson and Associates, Yorba Linda, CA, for Defendants.

Stephanie L. Krafchak, Esq., Los Angeles, CA, for Defendant–Appellee.

Before: B. FLETCHER, REINHARDT, and RYMER, Circuit Judges.

## MEMORANDUM **

Connecticut General appeals the order of the district court declaring its $2.9 million judgment against Haya Zilka satisfied and ordering Connecticut General to re-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fund excess payments. We have jurisdiction under 28 U.S.C. § 1291, and reverse and remand.

The court improperly credited Zilka with the full amount of Connecticut General's settlements with seven other settling defendants without undertaking an independent allocation of the settlement payments. *Sims v. DeArmond*, 42 F.3d 1181 (9th Cir.1994). Here, the underlying fraud was perpetrated at ten separate surgery clinics over a five-year period. The seven settling defendants engaged in fraudulent activities at different clinics and at different times; Zilka was a participant only at Westwood and only during part of the time that the fraud was occurring there. The judgment was for damages suffered on account of Zilka's activities at Westwood. This suggests that not all of the settlement payments overlap or are in common with the Zilka judgment. In these circumstances, *Sims* requires the court to attempt an allocation whether or not the settling parties themselves have done so. *Sims*, 42 F.3d at 1185.

This is not a situation where there is a single discrete injury, or where it appears impossible on the face of things for the court to make an allocation. *Cf. In re Zelis*, 66 F.3d 205, 210 (9th Cir.1995) (noting that there was no way to allocate the settlement absent an allocation by the parties). Nor does it matter that Connecticut General did not seek a good faith hearing; this case does not involve contribution, and Connecticut General in any event is entitled to collect damages from each of those jointly and severally liable. Finally, Zilka's objections to the extent of liability assessed based on violations of the Racketeering Influenced and Corrupt Organiza-

tions Act have no merit as participants in a RICO conspiracy are liable for the actions of their coconspirators. 18 U.S.C. § 1962(d).

Accordingly, we reverse and remand for the district court to attempt to allocate the settlements of the other settling defendants.

REVERSED AND REMANDED.